UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| **SANDERS JOHNSON** | **CIVIL ACTION NO. 22-5044** |
| | |
| | **SECTION P** |
| **VS.** | |
| | **JUDGE TERRY A. DOUGHTY** |
| | |
| **WARDEN HEDGEMON, ET AL.** | **MAG. JUDGE KAYLA D. MCCLUSKY** |

## REPORT AND RECOMMENDATION

Plaintiff Sanders Johnson, a prisoner at Riverbend Detention Center ("RDC") proceeding pro se and in forma pauperis, filed this proceeding on approximately August 26, 2022, under 42 U.S.C. § 1983. He names the following Defendants: Warden Hedgemon, Assistant Warden Deville, Assistant Warden Russell, and RDC.[1]

For reasons that follow, the Court should retain Plaintiff's claims—against Warden Hedgemon and Assistant Warden Russell—that he was and is exposed to unreasonably high levels of tobacco smoke. The Court should dismiss Plaintiff's request for a transfer and claims against RDC and Assistant Warden Deville.

## Background

Plaintiff complains of environmental tobacco smoke at RDC. [doc. # 1, p. 4]. He arrived at RDC on March 14, 2022. *Id.*

Plaintiff alleges that RDC maintains a "tobacco friendly policy" and that 90% of the 100 inmates in his dormitory—which is smaller than the size of a basketball court—smoke inside the dormitory the majority of the time. *Id.* He suggests that they smoke inside the majority of the

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636 and the standing orders of the Court.

time because they are only allowed outside "2-3 times per week." *Id.* The air quality in the facility is low, and Plaintiff inhales second-hand cigarette smoke. *Id.* There is a "perpetual smoke cloud encompassing the dormitory." *Id.* He alleges that Warden Russell told him in passing that he should "'deal with it the best way possible.'" *Id.* Russell also told him to "try to survive as best as one can[.]" [doc. # 9].

Plaintiff alleges that he is not allowed enough time outside to "offset" inhaling smoke inside. [doc. # 1, p. 4.]. He is "an avid jogger, exercise instructor, boxer, and health nut" who is "left subject to smoke inhalation at every turn." *Id.* at 5. Plaintiff states that he is "slowly dying as a result" of the smoking. [doc. # 9].

Plaintiff states that "cigarette sales exceed all other products offered, by a large margin." *Id.* "The tobacco pouches are consistently 'sold out' only to be restocked in a few days' time." *Id.*

Plaintiff states that faculty at RDC all blame Warden Russell, and they carry out the agenda of Russell and Hedgemon. *Id.*

Plaintiff seeks to enjoin Defendants to relieve him of the "cancer causing cigarette smoke that invades [his] lungs all day, every day." [doc. # 1, p. 6]. He also seeks a transfer to another facility which does not allow smoking. *Id.* He "only seeks clean oxygen as a reprieve however the court may award it." [doc. # 9 (emphasis removed)].

<u>**Law and Analysis**</u>

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is

2

subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2]  *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*).  Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2).  Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327.  Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless.  *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).  A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570).  Plausibility does not equate to possibility or probability; it lies somewhere in between.  *Id.*  Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim.  *Twombly*, 550 U.S. at 556.

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id*. "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Exposure to Environmental Tobacco Smoke**

The Court should retain Plaintiff's Section 1983 claims—against Warden Hedgemon and Assistant Warden Russell—that he was and is exposed to unreasonably high levels of tobacco smoke. *See generally Helling v. McKinney*, 509 U.S. 25, 35 (1993); *Murrell v. Casterline*, 307 F. App'x 778, 779 (5th Cir. 2008); *Bruce v. Little*, 568 F. App'x 283, 286 (5th Cir. 2014); *Black v. Concordia Par. Det. Ctr.*, 607 F. App'x 440, 441 (5th Cir. 2015).

**3. Entity Unamenable to Suit**

Plaintiff names RDC as a Defendant. Federal Rule of Civil Procedure 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ." Under Louisiana law, an entity must qualify as a "juridical person," which is "an entity to which the law attributes personality, such as a corporation or partnership." LA. CIV. CODE art. 24.

RDC does not qualify as a juridical person; accordingly, the Court should dismiss Plaintiff's claims against this entity.

**4. Request for Transfer**

Plaintiff asks the Court to transfer him to a different facility. [doc. # 1, pp. 4, 6]. A prisoner, however, has no constitutional right to be housed in any particular facility or transferred from one facility to another, even if conditions and amenities in one may be preferable to another. *Olim v. Wakinekona*, 461 U.S. 238, 245-46 (1983); *Fuselier v. Mancuso*, 354 F. App'x 49, 2009 WL 3780729, at *1 (5th Cir. Nov. 12, 2009). "The Due Process Clause does not, by itself, endow a prisoner with a protected liberty interest in the location of his confinement." *Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000); *Meachum v. Fano*, 427 U.S. 215, 225 (1976) ("[T]he State may confine [a prisoner] and subject him to the rules of its prison system so long as

the conditions of confinement do not otherwise violate the Constitution.").

Moreover, in Louisiana, "any individual subject to confinement in a state adult penal or correctional institution shall be committed to the Department of Public Safety and Corrections and not to any particular institution within the jurisdiction of the department. The secretary of the department may transfer an inmate from one such facility to another, insofar as the transfer is consistent with the commitment and in accordance with treatment, training, and security needs established by the department." LA. REV. STAT. §15:824(A).

Here, as Plaintiff has no federal constitutional right to be transferred to, or confined in, a place of his choosing, and because Plaintiff's placement lies solely in the purview of the Department of Public Safety and Corrections, the Court should dismiss his request for a transfer.

### 5. Assistant Warden Deville

Plaintiff names Assistant Warden Deville as a Defendant, but he does set forth any allegations against Deville.[3]  [doc. # 1, p. 1].

 A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. A civil rights plaintiff must support his claims with specific facts demonstrating a constitutional deprivation and may not simply rely on conclusory allegations. *Ashcroft*, 556 U.S. at 662.

Here, Plaintiff does not raise a claim against Deville. *See Alderson v. Concordia Par. Corr. Facility*, 848 F.3d 415, 421 (5th Cir. 2017) (dismissing a claim that supervisory officials failed to correctly house the plaintiff because despite the magistrate judge's instruction to "state what each defendant did[,]" the plaintiff did not identify a responsible defendant). At best,

---

[3] The undersigned instructed Plaintiff to provide a separate description of what, exactly, each defendant did to violate his rights.  [doc. # 8].

Plaintiff alleges that "all faculty . . . are responsible as a collective." [doc. # 9]. However, the Court "disregards bare assertions of collective responsibility, unsupported by concrete factual allegations." *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 243 (5th Cir. 2021); *see Jones v. Hosemann*, 812 F. App'x 235, 238–39 (5th Cir. 2020) ("It is not enough for a plaintiff to simply allege that something unconstitutional happened to him. The plaintiff must plead that each defendant individually engaged in actions that caused the unconstitutional harm."). The Court should dismiss Assistant Warden Deville.

## Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Sanders Johnson's request for a transfer and claims against Riverbend Detention Center and Assistant Warden Deville be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** ***See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 6th day of December, 2022.

                                                                    Kayla Dye McClusky  
                                                                    United States Magistrate Judge